# In the United States Court of Federal Claims

Nos. 14-651C
(Filed: April 1, 2015)

* * * * * * * * * * * * * * * * * * * * *

RLB CONTRACTING, INC,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*.

* * * * * * * * * * * * * * * * * * * * *

Bid protest; Motion for stay
pending appeal.

## ORDER ON MOTION FOR STAY PENDING APPEAL

Pending post-judgment in this bid protest is plaintiff's motion for a stay pending appeal pursuant to rule 62(c).  For the reasons set out below, the motion is denied.

On September 23, 2014, we issued an injunction against the Department of Agriculture ("USDA"), directing it to reconsider its decision not to employ an exception to the NAICS code size standard for the acquisition of certain shoreline restoration work in southern Louisiana, and we confirmed that order in an opinion and final judgment on October 3, 2014.  After the agency completed its review and issued a new decision reaffirming its initial selection of the larger size standard and its award to another offeror, plaintiff filed a motion to enforce the injunction, arguing that the agency had not complied with this court's directive.  We denied that motion on November 6, 2014, stating that the agency had literally complied with our order and that the merits of the subsequent decision was not properly before the court.[1]  Plaintiff filed a notice of appeal on November 25, 2014, and then on February 20, 2015, a

---

[1] We also denied a motion for reconsideration of that order on November 21, 2014.

motion to stay contract performance pending its appeal.  The motion is fully briefed, and we deem oral argument unnecessary.  Because plaintiff has not shown a likelihood of success on the merits or that the hardships balance in its favor, it is not entitled to a stay of contract performance pending appeal.

An injunction pending appeal is an extraordinary remedy and will not be lightly granted.  *Acrow Corp. of Am. v. United States*, 97 Fed. Cl. 182, 183 (2011).  Similar to the standard for an injunction during the pendency of a case, an injunction entered by the trial court during appeal will only be granted when the movant can show that, on the balance, it is likely to prevail on the merits of the appeal, that it will be irreparably harmed absent the injunction, that the injunction will not harm other parties, and that it is in the public interest to issue the injunction.  *See id.* at 184.  No single factor is determinative, but absent a showing of likely success on appeal, the other factors must tilt "decidedly toward plaintiff."  *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 513 (Fed. Cir. 1990).

Plaintiff is appealing our decision not to open a general review of the agency's actions post-injunction, other than our limited review for literal compliance with the order.  After plaintiff's motion to enforce the injunction, we ordered defendant to file a copy of the agency's new decision.  It did so, and we reviewed that document.  Noting the literal compliance with our order, we declined further review of the underlying merits because the new agency decision was not the subject of a protest currently before the court.  *RLB Contracting, Inc. v. United States*, No. 14-651C, at 2 (Fed. Cl. Nov. 6, 2014) (order denying motion to enforce judgment).  Plaintiff now challenges that decision before the Federal Circuit, arguing that our conclusion that the merits of the subsequent agency action were not properly in front of us was legally erroneous.

As support for the merits prong of the injunction test, plaintiff cites case law from a variety of circuits to the effect that it is within a trial court's inherent powers to enforce its injunctions, specifically through the contempt power of the court.  *See, e.g.*, *McCall-Bey v. Franzen*, 777 F.2d 1178, 1183 (7th Cir. 1985).  Plaintiff also directs our attention to an earlier decision of this court in *Mission Critical Solutions v. United States*, a bid protest in which we were confronted with the question of whether the army had complied with the court's injunction two years prior.  104 Fed. Cl. 18, 27-28 (2012).  We concluded there that the agency's subsequent actions were a new procurement and thus not subject to our previous injunction.  *Id.*  Plaintiff argues that this is a good example of the exercise of authority it asked us to undertake in this

case: a post-judgment review of the merits of agency action after the court entered an injunction. This establishes, in plaintiff's view, at a minimum, a "substantial legal question" for the circuit to decide, which plaintiff argues the Federal Circuit has previously held is sufficient to meet the merits prong of the injunction test. *See E.I DuPont Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987) (stating that the disagreement between the district court and the patent office on the validity of the patent established substantial legal questions, which it considered in granting the stay pending appeal).

Plaintiff also argues that the equities arising from consideration of the three other factors favor it as well because, absent an injunction pending appeal, RLB may not have any remedy available, even if it were to succeed on the merits. This is because contract performance in the interim may make it a practical impossibility to rewind and re-procure the work. The end result would be a missed opportunity to compete for a contract worth almost $22 million. As to harm to defendant were a stay entered, plaintiff alleges that any delay would be short, especially since the award was delayed by an additional 100 days due to an unrelated protest at GAO after our decision. Plaintiff also argues that the public interest is in favor of a stay because the integrity of the federal procurement process will be maintained.

Defendant responds that plaintiff cannot meet its burden on the first factor–success on the merits–because the standard for review of a trial court's decision about whether to use its contempt powers to enforce orders after judgment is one of abuse of discretion, and that plaintiff cannot meet that burden in light of the agency's literal compliance with our order. Defendant also contends that, should an injunction be entered, it will likely incur substantial increased costs to complete the shoreline restoration project, which is now not expected to be completed until April 2016. Changing site conditions would require new surveys and possible changes to the scope of work. All of which will expand the cost of the project. Further, this problem will only be compounded should southern Louisiana be hit by a major storm. Defendant concludes that the risk of potential harm inherent in further delay is far greater to it and adjoining landowners than that alleged by plaintiff.

Both plaintiff and defendant's arguments regarding the balance of the harms are speculative. We can foresee both parties' worst case scenarios coming to fruition depending on how long it takes to resolve the appeal, but just as likely is that, even with an injunction, the harm to plaintiff will still be realized, while the harm to defendant can be avoided without one. On appeal,

the Federal Circuit will decide whether we abused our discretion in denying full administrative review of the agency's redetermination of the size standard through the rubric of a motion to enforce judgment. A favorable result in the Federal Circuit will not give plaintiff the relief it ultimately seeks. Should the circuit reverse and remand–which we view to be an unlikely result, as we explain below–we will then be faced with a challenge to the underlying merits of USDA's redetermination of the applicable size standard. This will require more briefing and supplementation of the record, pushing the time line well beyond any contemplated by either party in their papers on the present motion. We conclude that the balance of hardships does not particularly weigh in either party's favor, let alone in plaintiff's favor. The likelihood of success on appeal thus becomes more dispositive.[2]

Although plaintiff casts the issue on appeal as one of jurisdiction, i.e., whether we had jurisdiction to enforce our order after judgment, it recognizes that the court's power to enforce the order would have been found in our contempt powers, both statutory and inherent. *See Mission Critical Solutions*, 104 Fed. Cl. at 22 (reciting the dual bases for this court's contempt powers). The Federal Circuit reviews a trial court's decision to "entertain a contempt proceeding for an abuse of discretion." *Abbot Labs v. Torpham, Inc.*, 503 F.3d 1372, 1380 (Fed. Cir. 2007) (holding that the district court did not err in holding contempt proceedings to decide whether a product infringed on a patent and thus violated the court's earlier injunction); *see also Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1349 (Fed. Cir. 1998) (holding that the district court's decision to enter contempt proceedings was not an abuse of discretion).

We did not deny plaintiff's motion to enforce the injunction merely for want of jurisdiction. We ordered defendant to submit under seal the agency's redetermination decision, and we then reviewed it. We held that our order had been literally complied with and thus our injunction need not be further enforced. That was within the court's discretion, and it is thus unlikely to be reversed by the appellate court. *Cf. Energy Recovery Inc. v. Hauge*, 745 F.3d 1353 (Fed. Cir. 2014) (applying 4th Circuit law to hold that it owed the trial court extra deference when considering the trial court's interpretation of its own order). Our statement that the underlying merits of the agency's new

---

[2] We note also that plaintiff's argument for the public's interest in the stay is predicated on its view of the merits being correct. The likelihood of success on the merits is thus dispositive.

decision was not properly before us was premised on the predicate that the agency had complied with our order.  We gave the agency directions regarding what it had to consider in making its new decision.  Our review of that decision revealed that it had done so.  Plaintiff disagrees with the agency's redetermination, arguing that it was incorrect for a number of substantive reasons.  We declined consideration of those substantive arguments for prudential and jurisdictional reasons.  This court's rules and procedures would have been better served by the filing of a new protest and the generation of an administrative record regarding the information in front of the agency when it made its subsequent size standard determination.  Plaintiff is thus unlikely to prevail on the merits of its appeal.[3]  Accordingly, plaintiff's February 20, 2015 motion for a stay pending appeal is denied.


s/Eric G. Bruggink
ERIC G. BRUGGINK
Judge

---

[3] This is not inconsistent with the Federal Circuit's decision in *E.I. Dupont*. In that case, the appeals court found that the substantial legal question presented, along with  substantial risk of harm to the movant and the public, and a relative lack of harm to other parties warranted a stay.  835 F.2d at 278-79.  Here, we do not find that the balance of hardships favors plaintiff as it did in *E.I. Dupont*.